# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:25-cv-01696-CV-KES                                    Date:  March 6, 2025

Title: ARMANDO RAMOS v. COLLETTE PETERS, et al.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   Order DISMISSING § 2241 Habeas Petition with Leave to Amend

## I.    STANDARD FOR SCREENING HABEAS PETITIONS.

On February 26, 2025, the Court received from Petitioner Armando Ramos ("Petitioner") a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  (Dkt. 1.)  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  See also Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss a Section 2241 petition).

A habeas petition must "specify all the grounds for relief available to the petitioner" and must "state the facts supporting each ground[.]"  Habeas Rule 2(c)(1)-(2); see also Mayle v. Felix, 545 U.S. 644, 649 (2005) (explaining that although the rules governing ordinary civil proceedings require that pleadings contain "only a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Habeas Rule 2(c) "requires a more detailed statement") (simplified).  Therefore, "[i]n order to substantially comply with … Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified."  Adams v. Armontrout, 897 F.2d 332, 334 (9th Cir. 1990); see also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2 (explaining that habeas petitions that contain "mere conclusions of law, unsupported by any facts" are "obviously

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-01696-CV-KES                                                                 Date: March 6, 2025
                                                                                                                      Page 2

deficient" because it is "the relationship of the facts to the claim asserted that is important").

## II.     THE PETITION FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM FOR RELIEF.

Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institute – Terminal Island. He is scheduled to be released on April 16, 2026. (Dkt. 1 at 3.) This is consistent with information published on the BOP's Inmate Locator website. Based on Petitioner's BOP registration number (59392-298), it appears that his underlying conviction occurred in U.S. District Court for the Southern District of California case no. 3:16-cr-02829-MMA-1. Petitioner pled guilty to violating 21 U.S.C. §§ 841(a), 846 (conspiracy to distribute controlled substances). In November 2021, he was sentenced to 12 years in BOP custody.

Petitioner alleges that while in custody, he earned 12 months of First Step Act ("FSA") credits and 14.2 months of Second Chance Act ("SCA") credits, which added together total 26.2 months. (Id.) Petitioner seems to be alleging that the BOP should have applied these credits and calculated a release date in February 2025, but for some reason failed to do so. (Id.)

Petitioner checked boxes indicating that his Petition concerns prison conditions, prison discipline, and "other." (Id. at 2.) Petitioner alleges, "Due process is required by law to confiscate FSA and SCA." (Id. at 3.) He also alleges that Defendants violated due process and that an "informal hearing" is "not sufficient." (Id. at 3-4.) Putting this together, Petitioner may be alleging that he was charged with a prison rule violation, given an informal hearing, determined to have violated the rule, and then had time credits deducted as punishment for the rule violation. But it is far from clear that this is what Petitioner means. Even if this is what Petitioner means, Petitioner's allegations do not explain how the disciplinary hearing allegedly violated his procedural due process rights, when the hearing occurred, or how many credits were deducted. It is also unclear if Petitioner is merely challenging the failure to apply good time credits or also challenging a change to his designated security level, which he mentions in the Petition. (Id. at 9.)

Petitioner alleges, "Lack of bed space in pre-release custody is not a condition to violate due process." (Id. at 4.) Petitioner also alleges that he should be transferred to home confinement if no space is available for him at a halfway house. (Dkt. 1 at 8.) A Residential Reentry Center ("RRC"), also known as a halfway house, is a low security facility that provides services and training designed for inmates who are soon to be released. Under the SCA, prisoners are automatically reviewed for RRC placement "17-19 months before their projected release dates." Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008). It is unclear if Petitioner means that he was entitled to consideration for RRC placement under 18 U.S.C.A. § 3621(b) but never received it. Or perhaps he means that he was qualified for RRC placement but told that he would not receive it due to a lack of available bedspace. Again, the nature of Petitioner's allegation is unclear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-01696-CV-KES                                          Date: March 6, 2025
                                                                                                 Page 3

Petitioner alleges that he should be excused from exhausting his habeas claims through the BOP's administrative grievance process because he was "blocked" from filing a grievance, he is "under threat of retaliation if grievance is filed," and pursuing administrative exhaustion would be "futile." (Dkt. 1 at 4.) None of these allegations, without more facts, are sufficient to excuse administrative exhaustion. How was Petitioner "blocked" from filing a grievance? When? By whom? Did he request a grievance form? When? From whom? If not, why not? Did he submit a grievance about his time credits? When? What was the response? Why does Petitioner believe he is under threat of retaliation? What kind of threat was made? By whom? When? What has the BOP told Petitioner about the amount of FSA and SCA credits he has earned and why some, or all, of those credits were not applied?

## III. DISPOSITION.

For these reasons, the Petitioner is DISMISSED with leave to amend. On or before **April 4, 2025**, Petitioner shall do one of the following:

(1) File a First Amended Petition ("FAP") that states all grounds for relief sought and the facts supporting each ground. If Petitioner chooses to file a FAP, it should bear the docket number assigned to this case (2:25-cv-01696-CV-KES), be labeled "First Amended Petition," and be complete in and of itself without reference to the original Petition or any other documents (except any documents that are attached to the FAP as exhibits).

(2) If Petitioner disagrees with the analysis in this screening order and/or believes he cannot add any more factual allegations to his Petition, then he may file a notice of intent to proceed with the Petition. If Petitioner chooses to file such a notice, then the Magistrate Judge may recommend that the District Judge dismiss the Petition without further leave to amend.

**If Petitioner fails to timely respond to this order by exercising one of these two options, this action may be dismissed for lack of diligent prosecution**. Petitioner must keep the Court apprised of his mailing address. Failure to file a notice of change of address if Petitioner's address changes may also result in dismissal. See Local Rule 41-6.

Finally, Petitioner attached a copy of a newspaper article about Crowe v. Federal BOP, District of Columbia case no. 1:24-cv-03582-APM, a class action seeking nationwide injunctive relief for the BOP's alleged violations of the FSA, 18 U.S.C. § 3632(d)(4)(C) (requiring the application of time credits and timely transfer of eligible prisoners to pre-release custody or supervised release). In that case, the attorneys representing the plaintiff class moved for provisional class certification and injunctive relief in January 2025. That motion is still pending. If Petitioner would like to contact the attorneys representing the plaintiff class in that case, he may send a letter to Ms. Aditi Shah, ACLU of the District of Columbia, 529 14th Street, NW, Suite 722, Washington D.C., 20045.

Initials of Deputy Clerk jd