JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RAMOS,<br><br>        Petitioner,<br><br>v.<br><br>COLLETTE PETERS, et al.,<br><br>        Respondents. | Case No. 2:25-cv-01696-CV-KES<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE FOR LACK<br>OF PROSECUTION |

**I.**

**BACKGROUND**

On February 20, 2025, Petitioner Armando Ramos ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. (Dkt. 1.) He paid the filing fee. (Id.) On March 6, 2025, the Court dismissed the Petition with leave to amend because his claims for relief were uncertain and unexhausted. (Dkt. 4.) The Court ordered Petitioner to file his First Amended Petition by April 4, 2025. (Id.) Despite extending this deadline two additional times (Dkt. 5, 6), Petitioner has failed to file a First Amended Petition or otherwise prosecute his case. For the reasons

1

1  discussed below, the Court dismisses this action without prejudice for failure to
2  prosecute.

## II.

## PROCEDURAL HISTORY

Based on Petitioner's BOP registration number (59392-298), his underlying conviction occurred in U.S. District Court for the Southern District of California case no. 3:16- cr-02829-MMA-1.  Petitioner pled guilty to violating 21 U.S.C. §§ 841(a), 846 (conspiracy to distribute controlled substances).  In November 2021, he was sentenced to 12 years in BOP custody.  Petitioner alleges that while in custody, he earned 12 months of First Step Act ("FSA") credits and 14.2 months of Second Chance Act ("SCA") credits, which added together total 26.2 months. (Id.)  Petitioner seems to be alleging that the Bureau of Prisons ("BOP") should have applied these credits and calculated a release date in February 2025, but for some reason (perhaps as part of disciplinary proceedings) failed to do so.  (Id.)

The Court dismissed the Petition with leave to amend.  (Dkt. 4.)  The Court requested that, on or before April 4, 2025, Petitioner either file a First Amended Petition ("FAP") or file a notice of intent to proceed with the Petition.  (Id.)  The Court informed Petitioner that if he were to fail "to timely respond to this order by exercising one of these two options, this action may be dismissed for lack of diligent prosecution." (Id. (emphasis omitted).)  On April 22, the Court sua sponte extended this deadline to May 2, 2025.  (Dkt. 5.)  The Court again informed Petitioner that a failure to respond would result in a recommendation that the Petition be dismissed.  (Id.)  On May 7, the Court noted that Petitioner was transferred to Residential Reentry Management in Long Beach.  (Dkt. 6 at 1.)  The Court thus extended Petitioner's deadline a final time to May 30, 2025.  (Id. at 2.)  The Court informed Petitioner that if he failed to respond, "the Court [would] likely dismiss his case for failure to prosecute and failure to comply with court-ordered deadlines."  (Id.)  As of the date of this order, the Court has not received

any further filings from Petitioner.

## III.

## LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1]

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the availability of less drastic sanctions; and

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

(5) the public policy favoring disposition of cases on their merits.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about."  Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## IV.

## DISCUSSION

Here, the first two factors favor dismissal.  The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor— the Court's need to manage its docket—favors dismissal here because Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court."  Id. (internal quotations marks omitted).

The third factor—prejudice to Respondents—weighs in favor of dismissal, although less than some of the other factors.  Because this Court dismissed the Petition with leave to amend upon screening, Respondents have not yet appeared. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served).  A rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Petitioner that failure to respond might result in a

4

dismissal of this action.  (Dkt. 4, 5, 6.)  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here.  Pagtalunan, 291 F.3d at 643. However, the effect of this factor is somewhat mitigated by the facts that (1) the Petition failed to allege facts sufficient to support a claim for relief for the reasons explained in the Court's March 6, 2025 dismissal order (Dkt. 4) and (2) Petitioner has already been transferred to Residential Reentry Management, thereby obtaining part or all of the relief he was seeking.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the circumstances, and in particular given that Petitioner is proceeding pro se, the dismissal shall be without prejudice.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for failure to prosecute.

DATED:    6/23/25

*Cynthia Valenzuela*
CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

Presented by:

*Karen E. Scott*
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE